UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIS RANDOLPH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GARY SWARTHOUT,<br><br>　　　　Respondent. | Case No.: 1:13-cv-00543-SAB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 1) |

　　　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

　　　　Petitioner filed the instant petition for writ of habeas corpus on April 12, 2013.  Petitioner challenges his 1989 conviction for first degree murder and contends there is new evidence to support his claims of actual innocence and ineffective assistance of counsel.  More specifically, Petitioner argues his trial counsel failed to investigate DNA evidence that would have supported his claim of innocence, and counsel failed to argue that the prosecution failed to comply with a court order to produce evidence instead of allowing the prosecution to destroy such evidence. (Pet. at 3-4.)

　　　　Petitioner has previously filed a petition for writ of habeas corpus in this Court on September 9, 1993 in 1:93-cv-05604 LJO JFM (HC), which was denied on September 11, 2002.  (ECF No. 190.) On October 18, 2004, the decision was affirmed in part, vacated in part and remanded by the United

States Court of Appeals for the Ninth Circuit.[1] (ECF No. 208.) After remand, the petition was again denied and judgment was entered in favor of Respondent on May 9, 2008. (ECF Nos. 269, 275.) On September 23, 2010, the United States Court of Appeals for the Ninth Circuit affirmed the judgment in its entirety. (ECF No. 294.)

# I.

# DISCUSSION

### A.  Second or Successive Petition

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). [2] The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129

---

[1] The court of appeals remanded the matter back to the district court for further factual findings on Petitioner's claim that incriminating statements he made to a jailhouse informant were obtained in violation of his Sixth Amendment rights. (ECF No. 269.)

[2] In United States v. Villa-Gonzalez, 208 F.3d 1160, 1163-1164 (9th Cir. 2000), the Ninth Circuit held that the AEDPA's provisions governing second or successive petitions apply to a new § 2254 petition filed after the date of the AEDPA's enactment, even if the original petition was filed before.

F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

As previous stated, the prior petition in 1:93-cv-5604-LJO-JFM (HC) was denied on the merits and judgment was entered. Thus, because the prior petition was adjudicated "on the merits," the instant petition is a "second or successive petition" under § 2244(b). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3). Accordingly, the instant petition for writ of habeas corpus must be dismissed.

**B.     Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 cases requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000). However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>   (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has failed to show an entitlement to federal habeas corpus relief. Accordingly, the Court declines to issue a certificate of appealability.

///

///

///

///

**II.**

**ORDER**

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED;

2. The Clerk of Court shall terminate this action; and

3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **May 21, 2013**

UNITED STATES MAGISTRATE JUDGE